UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSET ALEJANDRO GUTIERREZ-PADRON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:26-cv-00449-JPH-MG |
| BRISON SWEARINGEN in his official capacity as Sheriff of the Clay County Justice Center, *et al.*, | ) ) ) ) ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Joset Gutierrez-Padron is detained at the Clay County Jail on behalf of U.S. Immigration and Customs Enforcement (ICE). Mr. Gutierrez-Padron seeks a writ of habeas corpus requiring Respondents to release him from custody.

For the reasons explained below, the Court grants the petition to the extent that it orders Respondents to either afford Mr. Gutierrez-Padron a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations or release him from custody under reasonable conditions of supervision.

## I. Facts

Mr. Gutierrez-Padron is a Venezuelan citizen and national. He entered the United States near Paso del Norte, Texas, in 2022. Dkt. 8-1 at 1. He was promptly apprehended by Border Patrol agents. *Id.* at 7.

Immigration officials did not initiate removal proceedings or detain Mr. Gutierrez-Padron. *Id.* Rather, they granted him parole and permitted him to

1

enter the United States. *Id.* The government later granted Mr. Gutierrez-Padron employment authorization. *Id.*

In June 2026, ICE officers checked license plates of vehicles parked on public streets in Chicago. *Id.* at 6–7. They identified a vehicle as registered to Mr. Gutierrez-Padron, then surveilled the vehicle after determining that he had not been lawfully admitted to the United States. *Id.* After he entered the car, officers initiated a traffic stop and took him into custody. *Id.* At some point during this process, an immigration officer issued an administrative warrant "command[ing]" that Mr. Gutierrez-Padron be arrested pursuant to 8 U.S.C. § 1226. *Id.* at 9.

Mr. Gutierrez-Padron is now in a full removal proceeding under 8 U.S.C. § 1229a. He remains detained at the Clay County Jail and has not received a bond hearing.

## II. Analysis

Mr. Gutierrez-Padron alleges that his continued detention without a bond hearing violates the Constitution and laws of the United States—namely, the Immigration and Nationality Act (INA) and the Fifth Amendment's due process clause—and that he is entitled to immediate release or a bond hearing.

Respondents initially argued that Mr. Gutierrez-Padron was mandatorily detained without consideration of bond pursuant to 8 U.S.C. § 1225(b)(2)(A). However, on July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson,* --- F.4th ----, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026). In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention

scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Gutierrez-Padron who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

Respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." Dkt. 10 at 1. Thus, it is undisputed that Mr. Gutierrez-Padron is entitled to habeas relief insofar as he is eligible for a bond hearing.

Mr. Gutierrez-Padron asks for immediate release from custody, which is the customary remedy in habeas proceedings. *See DHS v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). The Court finds that immediate release would not be in the interests of justice here. The Court has found that Mr. Gutierrez-Padron is subject to § 1226(a), which may allow the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Gutierrez-Padron's custody is therefore not unlawful because he is detained, but because he has not received the bond hearing that the law requires.

Because the Court has found that Mr. Gutierrez-Padron's detention violates the INA, it does not reach his argument that his detention violates the

3

INA's regulations or the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

Finally, Respondents ask the Court to dismiss this action and direct Mr. Gutierrez-Padron to request a bond hearing. In previous cases on the §§ 1225-1226 issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Choudhary v. Swearingen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court will not impose an exhaustion requirement now and will instead order Respondents to schedule a bond hearing or release Mr. Gutierrez-Padron.

### IV. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as Respondents will have **until 5:00 p.m. on August 13, 2026**,[1] to either (1) provide Mr. Gutierrez-Padron with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations, or (2) release him from detention under reasonable conditions of supervision. Respondents must notify Mr. Gutierrez-Padron's counsel of the setting of any bond hearing. Respondents

---

[1] This deadline may be modified without need for Court involvement upon agreement by Mr. Gutierrez-Padron and the Federal Respondents.

must file documentation certifying that they have either provided the bond hearing or released Mr. Gutierrez-Padron within **two days** after the hearing or his release, whichever is applicable.

The petition is **denied** to the extent it seeks immediate release.

The **clerk is directed** to enter **final judgment**.

**SO ORDERED.**

Date: 8/5/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Samir Nasir
Nasir Immigration Law
sn@nasirimmigrationlaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov

5